[No. 13199.    Department One.    May 6, 1916.]

PUGET SOUND IRON & STEEL WORKS, *Appellant*, v. FIRST INTERNATIONAL BANK, *Respondent*, ELI ROCKEY *et al.*, *Defendants.*[1]

TRIAL — PROVINCE OF COURT AND JURY — DIRECTING JUDGMENT — GARNISHMENT. Where, in garnishment proceedings, there is substantially no dispute on any of the facts, the court is warranted in taking an issue from the jury and directing judgment.

APPEAL—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR. Upon an appeal by plaintiff from a judgment in garnishment limiting his recovery, error in refusing to dismiss the garnishment cannot be urged by garnishees who did not appeal.

GARNISHMENT—JUDGMENT—ATTORNEY'S FEES — STATUTES. Under Rem. & Bal. Code, § 704, allowing costs and reasonable attorney's fees against plaintiff to a garnishee who is discharged upon his answer, and against defendant if the garnishee is held, with costs to abide the result if the answer is controverted, attorney's fees are properly allowed against plaintiff where the answer was controverted and the court found substantially in accordance with the answers.

Appeal from a judgment of the superior court for Pacific county, Clifford, J., entered April 24, 1915, in favor of the defendants by direction of the court, after a trial before the court and a jury, in garnishment proceedings. Affirmed.

[1] Reported in 157 Pac. 212.

*Fred M. Bond,* for appellant.

*Lockerby & Couden,* for respondent.

MOUNT, J.—This is a garnishment proceeding. It appears that the Puget Sound Iron & Steel Works began an action against Eli Rockey and wife to recover the sum of $2,329. On bringing the action, they sued out a writ of garnishment which was served upon J. A. Soderberg and the First International Bank. Mr. Soderberg, in answer to the writ of garnishment, denied that he was indebted to the defendants Rockey, or had any property under his control belonging to them, except that, on or about November 1, 1913, he executed a negotiable note payable to the order of Eli Rockey in the sum of $3,945, due ninety days after date, which note was not delivered to Mr. Rockey, but was placed in escrow with the First International Bank of South Bend, Washington; that the condition of the escrow was that Mr. Soderberg had purchased certain real property from Mr. Rockey; that, when the title to the property was cleared up to the satisfaction of Mr. Soderberg, the note was then to be delivered by the bank to Mr. Rockey.

The First International Bank answered the writ to the effect that it had in its possession the sum of $3.29, being a balance of a banking account of Mr. Rockey; and further answered that, on November 1, 1913, Mr. Soderberg entered into an escrow agreement with the Rockeys, by the terms of which Mr. Soderberg made and executed his promissory note for the sum of $3,945, with interest from date at the rate of eight per cent, payable to Eli Rockey; that the conditions of the escrow agreement were that Soderberg had agreed to purchase certain real estate from the Rockeys, and that the bank had agreed to hold the note until the title was cleared up to the satisfaction of Mr. Soderberg, and upon this being done, the note was to be delivered to Mr. Rockey. The bank answered further, that, after the note had been placed with it under these circumstances, Mr. Rockey had agreed that

when the note became subject to delivery by the bank, it should take therefrom all except $1,000 to apply upon a debt owing by Mr. Rockey to the bank.

The Puget Sound Iron & Steel Works thereupon controverted the answer of both Soderberg and the bank. Upon these issues, the case was tried to the court and a jury. At the conclusion of all the evidence, the trial court discharged the jury and entered a judgment to the effect that, when the Rockeys had perfected the title to the real estate sold to Mr. Soderberg, the bank should receive out of the proceeds of the note all thereof except the sum of $1,000, and that what was left of this $1,000, after the expenses of clearing the title to the real estate had been paid, should be applied in satisfaction of the judgment obtained by the Puget Sound Iron & Steel Works against Eli Rockey and wife. The court further ordered that the bank should recover its costs amounting to $40. The plaintiff has appealed from that judgment.

The appellant contends that the court erred in not submitting the question of fact to the jury whether the promissory note executed by Soderberg was held in escrow until the title to said property was cleared up by Mr. Rockey; and erred in not submitting to the jury the question of fact whether the bank had a lien or pledge upon the note. It is contended by the appellant that there was sufficient evidence in the record to be submitted to the jury upon those questions. We have carefully read the entire evidence in the record and are satisfied that the court was clearly right in not submitting these questions to the jury. There was substantially no dispute upon the facts. The evidence is clear to the effect that Mr. Soderberg had purchased several tracts of real estate from Mr. Rockey; that the purchase price had all been paid except the amount of this note. There was some question about the title to some of the property. Mr. Soderberg had executed his note for the balance due upon the purchase price, namely, $3,945. It was thought that the title to the real estate could be perfected within ninety days, and for that

reason the note was made a ninety-day note. It was agreed between Soderberg and Mr. Rockey that the note should be left in escrow with the bank until the title of the real estate should be cleared up to the satisfaction of Mr. Soderberg and his attorneys. Mr. Soderberg was to have credit upon the note for all his expenses in clearing the title. The note was placed in escrow with the bank, to be delivered to Mr. Rockey when the title was cleared up, and was to be credited with the amount of the expenses which Mr. Soderberg was put to in making good title to the real estate. At the time of garnishment the note had not been delivered to Mr. Rockey, and he was not entitled thereto. It was held by the bank in escrow, and was only to be delivered after the title of the real estate had been completed. At the time of the trial, Mr. Rockey was not entitled to the possession of the note. It was still in the bank. The title to the real estate had not been cleared. After the note was delivered to the bank, and before the writ of garnishment was served, Mr. Rockey agreed with the bank that all except the sum of $1,000 should be held by the bank when the note was paid, to apply on the debt which was owing by him to the bank. It was estimated by all the parties to the transaction that this $1,000 would be sufficient to clear up any defects in the title to the real estate. There was no substantial dispute of any of these facts; and upon them we are satisfied that there was nothing for the jury to determine. The only question was one of law.

The respondent insists that the court erred in not dismissing the garnishment proceeding. It is claimed that, under the authorities, the note or the proceeds thereof were not subject to garnishment under the facts above stated. Conceding this is the rule, *no appeal was taken by the respondents from the judgment entered*, and, consequently, they are in no position to urge that contention.

It is argued by the appellant that the court erred in assessing costs in favor of the bank. The statute provides at Rem. & Bal. Code, § 704 (P. C. 81 § 525), as follows:

"Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee for attorneys' fees, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon such costs shall be taxed against the defendant and included in the judgment. Where the answer is controverted the costs shall abide the issue of such contest."

The answers were controverted here, and the court found substantially in accordance with the answers. It seems plain, therefore, that, under the provisions of the statute, the answering garnishees were entitled to their costs, because their answers were not only sustained, but the issues decided by the court were in favor of the garnishees.

We find no error in the record, and the judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.